CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREELY BALL, ) | |
|     Petitioner, ) | Civil Action No. 7:06cv00632 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA ) | |
| DEPT. OF CORRECTIONS ) | |
| DIRECTOR, et al., ) | By: Samuel G. Wilson |
|     Respondents. ) | United States District Judge |

Petitioner Greely Ball, a Virginia inmate proceeding pro se, has filed this petition which the court will construe as a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ball seeks to challenge the validity of a parole violation detainer lodged against him by the State of Delaware Parole Board. The court finds that Ball has failed to exhaust his available state remedies and therefore dismisses his petition.[1]

I.

On July 1, 1978, Ball was convicted of three counts of robbery and possession of a destructive weapon and was sentenced to 35 years incarceration by the Superior Court of Wilmington, Delaware. On April 17, 1992, Ball was released from the Delaware Correctional Center on parole for 14 years. Approximately four years later, Ball was convicted in the Commonwealth of Virginia for his involvement in a unrelated robbery in Virginia. Thereafter, on May 6, 1996, the Delaware Board of Parole issued a parole warrant and lodged a detainer against Ball for violation of the terms and conditions of his parole, based on the Virginia conviction. Ball is currently in the custody of the Virginia Department of Corrections.

Ball believes that the detainer against him should be dismissed and complains that it affects

---

[1] Further, even if Ball could show that he has exhausted state remedies, Virginia is not the proper venue for Ball to challenge his Delaware detainer. Under 28 U.S.C.S. § 1404(a), a federal court may transfer a habeas corpus action to a more convenient forum where the prisoner brings the action in the district of confinement attacking a detainer lodged by another state. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

his current confinement. Ball does not allege that he has taken any action regarding his current claim in any state court or with the State of Delaware Board of Parole. Ball alleges that he has been denied due process and appointment of counsel inasmuch as he has not received a parole revocation hearing.

## II.

Exhaustion of all available state remedies is required before a writ of habeas corpus may be granted by a federal court. 28 U.S.C. § 2254(b). The burden of showing exhaustion rests on the petitioner in federal habeas actions. § 2254(b), (c); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Ball has not demonstrated that he has challenged the detainer on the parole violation in any Delaware state court or with the Delaware Board of Parole. Accordingly, the court finds that Ball has not demonstrated exhaustion and his petition must be dismissed until the Delaware courts and/or Board of Parole have had a full opportunity to review his claim.

## III.

For the reasons stated herein, the court dismisses Ball's § 2254 petition without prejudice.

The clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to the petitioner and counsel of record for the respondents.

ENTER: This 26th day of October, 2006.

United States District Judge